NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID VALDEZ, | : | |
| | : | Civil Action No. 16-2943 (JMV) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FRANK X. SCHILLARI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**VAZQUEZ, District Judge**

Plaintiff David Valdez, an inmate confined in Northern State Prison, filed this civil rights action on May 23, 2016. (ECF No. 1.) On July 21, 2016, Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 (ECF No. 6.) This Court dismissed the complaint upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (ECF Nos. 8, 9.) On March 27, 2017, Plaintiff filed a motion for leave to file an amended complaint. (ECF Nos. 13, 13-1.) The Court grants the motion for leave to file an amended complaint, and reviews the amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

I. DISCUSSION

A. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission

was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). A district court screening a complaint pursuant to the PLRA, may *sua sponte* dismiss the suit for failure to

state a claim, if the allegations make clear that the action is time-barred. *McPherson v. U.S.*, 392 F. App'x 938, 943 (3d Cir. 2010).

B. The Complaint

Plaintiff alleges the following facts, which are accepted as true for purposes of screening the amended complaint. The defendants to this action are Frank Schillari of the Hudson County Sheriff's Department; Investigator Shaundell Barker of the Guttenberg Police Department; Sergeant Juan Barrera of the Guttenberg Police Department; unidentified ("John Doe") member(s) of the Hudson County Sheriff Department's SWAT team; and a John Doe Captain of Detectives of the Guttenberg Police Department. (ECF No. 13-1 at 2-3.)

On September 28, 2013, Defendants Barker and Barrera were assigned to investigate a robbery that took place the previous day. (*Id.* at ¶10.) They identified Plaintiff as one of the perpetrators and applied for a search warrant for Plaintiff's alleged residence at 1523 38th Street, Apt. 1, North Bergen, New Jersey. (*Id.*) The residence was that of Plaintiff's mother, and the search warrant was granted with a "knock and announce" requirement. (*Id.*, ¶12.) Plaintiff actually resided at 506 Patterson Plank Road, Union City, New Jersey, but he frequently visited his mother at her home. (*Id.*, ¶¶13, 14.) The information supporting the search warrant application, supplied by a confidential informant, was false and misleading. (*Id.*, ¶14.)

As Plaintiff was exiting his mother's home on October 7, 2013, Defendants Barker and Barrera and unidentified members of the Guttenberg Police Department and Hudson County Sheriff's Department SWAT team executed the search warrant. (*Id.*, ¶15.) The SWAT team rushed Plaintiff, forced him to the ground, and dragged him down three flights of stairs before placing him in a police car. (*Id.*, ¶16.) Defendant John Doe, a member of the SWAT team, threatened Plaintiff with physical harm, without provocation, while dragging Plaintiff into the

3

street. (*Id.*, ¶17.) Simultaneously, Defendants Barker and Barrera and members of the SWAT team used a battering ram to enter Plaintiff's mother's home unannounced. (*Id.*, ¶18.) Neither the gun used during the commission of the robbery nor any proceeds from the robbery were found in the search of the residence. (*Id.*, ¶19.) Defendants Barker and Barrera fabricated their arrest reports to cover-up the unlawful search and use of excessive force, stating they executed a knock and announce before entering Plaintiff's mother's house. (*Id.*, ¶23.)

Before transporting Plaintiff to the police station, Defendant Barker determined that Plaintiff's physical condition was good, although she knew he was injured after being dragged into the street by the SWAT team. (*Id.*, ¶20.) Plaintiff was transported to Guttenberg Police Department, where he repeatedly requested medical care for his injuries. (*Id.*, ¶21.) Defendant John Doe at the Guttenberg Police Department, whom Plaintiff believes is the Captain of Detectives, put a gun in Plaintiff's face and said "how does it feel when somebody places a gun in your face[?]" and "when you get out, if I catch you in my town, I'll shoot you." (*Id.*, ¶22.) Plaintiff was not taken to the hospital for his injuries until November 8, 2016. (*Id.*, ¶24.) As a direct result of the Defendants use of excessive force, Plaintiff suffered injury to the ligaments in his shoulder. (*Id.*, ¶25.)

On an unspecified date in 2013, Plaintiff filed a formal complaint against the defendants to exhaust his administrative remedies and to learn the identity of the SWAT team members involved in the excessive force and unlawful search. (*Id.*, ¶26.) Plaintiff wrote numerous letters seeking to identify the names of the SWAT team members, but he was repeatedly hindered by Defendant Frank X. Schillari, who refused to provide Plaintiff with copies of the investigation reports. (*Id.*, ¶27.) Plaintiff exhausted his administrative remedies on May 26, 2015. (*Id.*, ¶28.) Plaintiff seeks to hold each defendant liable for violating his rights under the Eighth, Fourth, and Fourteenth

Amendments to the United States Constitution. (*Id.*, ¶¶29-43.) For relief, Plaintiff seeks money damages and costs. (ECF No. 13-1 at 11.)

In screening the original complaint, this Court found that Plaintiff's claims were barred by the two-year statute of limitations; and further, Plaintiff failed to state a claim upon which relief may be granted based on denial of and/or delay in providing medical care. (Opinion, ECF No. 8.)

C.  Analysis

1.  Statute of Limitations

As this Court noted in screening Plaintiff's original complaint, "[a] section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). The claim accrues when the wrongful act or omission results in damages. (*Id.*) The misconduct alleged in the amended complaint occurred in New Jersey, which has a two-year statute of limitations for personal injury torts. *Id.* (citing N.J. Stat. Ann. § 2A:14–2 (West 2004)).

a.  Excessive force claims

Plaintiff alleges three claims under § 1983: unreasonable search and seizure, excessive force, and denial of and delay in providing medical treatment. (*Id.*) The excessive force claim, based on the circumstances surrounding Plaintiff's arrest, accrued on October 7, 2013. *See Hickox v. County of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (pretrial detainee's excessive force claim accrued on the date he alleged he was injured by the defendant's actions). Plaintiff did not file this action until May 2016. The excessive force claim against the unidentified SWAT Team members is time-barred, absent allegations justifying equitable tolling.

5

Plaintiff alleged the statute of limitations should be equitably tolled because he filed a formal complaint against the defendants for excessive force in 2013, but he was repeatedly hindered by Defendant Schillari from obtaining the names of the members of the SWAT team who were involved; for example, Schillari refused to give Plaintiff a copy of the investigation reports. (ECF No. 13-1 at 6-7.) New Jersey's discovery rule applies only where the plaintiff cannot, through reasonable diligence, have discovered the basis for his claim. *Bustamente v. Borough of Paramus*, 413 N.J. Super. 276, 299 (N.J. Super. Ct. App. Div.) Plaintiff was aware of the basis of his excessive force claim, but he was unaware of the names of the officers responsible.

Equitable tolling "is slightly different' than the discovery rule. It "may be available 'when a plaintiff is misled ... and as a result fails to act within the prescribed time limit.'" *Id.* (quoting *Villalobos v. Fava*, 342 N.J.Super. 38, 50 (N.J. Super. Ct. App. Div. 2001) (citations omitted). Plaintiff alleged Defendant Schillari hindered him from learning the names of the officers who allegedly used excessive force against him, but he has not alleged how Defendant Schillari, or anyone else, hindered him from bringing his claims against "John Doe" defendants within the limitations period. This claim will be dismissed without prejudice. Plaintiff may amend this claim if he can allege facts showing Defendant Schillari's actions (or the actions of any other responsible person who has not been named to date) induced or tricked Plaintiff into allowing the filing deadline to pass without filing his complaint against the unidentified John Doe defendants.

Plaintiff's excessive force claim against the unidentified Captain of Detectives arose out of misconduct that is alleged to have occurred while Plaintiff was held in Guttenberg Police Department. (ECF No. 13-1 at 2-3.) This excessive force claim falls within the definition of a prison conditions claim under the Prisoner Litigation Reform Act ("PLRA"), which requires exhaustion of administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a), (h) ("[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted . . . the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.") Therefore, exhaustion of administrative remedies, which Plaintiff alleges he completed on May 26, 2015, *may*[1] equitably toll the statute of limitations for this claim, and the Court will allow it to proceed.

> b. Unlawful search claims

The alleged unlawful search of Plaintiff's mother's home occurred on October 7, 2013. When a plaintiff is present during the search, as was the case here, "any Fourth-Amendment-based claim accrue[s] on the same day as the allegedly unreasonable search and seizure." *MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003). For the same reasons that Plaintiff has not asserted a basis for equitable tolling the excessive force claims against the unnamed members of the SWAT team, Plaintiff has not adequately alleged that his search and seizure claim should be equitably tolled. This claim will be dismissed without prejudice.

Plaintiff also alleged Defendants Barker and Barrera executed the unlawful search. The claims against Barker and Barrera do not involve prison conditions. Thus, they are not subject to the PLRA's mandatory exhaustion of administrative remedies and cannot be equitably tolled pending exhaustion. The Court will dismiss the unlawful search claims against Defendants Barker and Barrera without prejudice, as barred by the statute of limitations.

---

[1] The Court is making this finding pursuant to its screening duties. Nothing about this finding, or any other finding in this Opinion, prevents any Defendant from making any motion, or raising any defense, that the Defendant deems appropriate.

c. Medical care claims

Plaintiff alleges that when he was arrested at his mother's house, Officer Barker determined that he was in good physical condition, when in fact she knew he had been injured when he was dragged to the police car. (ECF No. 13-1, ¶20.) The Court construes this as a claim that Officer Barker was deliberately indifferent to Plaintiff's need for medical care prior to transport to jail. This claim accrued on October 7, 2013, and Plaintiff has not alleged an adequate basis for equitable tolling of the statute of limitations. Therefore, the Court will dismiss this claim without prejudice, as barred by the two-year statute of limitations.

The Court must also determine whether Plaintiff alleged sufficient facts to state a constitutional claim for denial of adequate medical care. An arrestee in the custody of government officials has a right to medical care for serious medical needs. *Jennings v. Fetterman*, 197 F. App'x 162, 165 (3d Cir. 2006) (citing *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 n. 31 (3d Cir. 1987)); *see e.g. Suarez v. City of Bayonne*, 566 F. App'x 181, 187 (3d Cir. 2014) (granting summary judgment against arrestee on delay in medical treatment claim.) An arrestee's medical treatment claims are governed by the Due Process Clause of the Fourteenth Amendment. *See e.g. Davis v. Township of Paulsboro*, 421 F.Supp.2d 835, 856-57 (D.N.J. 2006). Fourteenth Amendment Due Process claims are analyzed under the same standard as Eighth Amendment medical care claims by prisoners. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

To state a claim, a plaintiff must allege facts indicating that he had a serious medical need, and defendant's actions or failure to act indicated a deliberate indifference to that need. *Id.* at 582

(citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  To meet the deliberate indifference standard, a plaintiff must plead that the defendant was aware of but disregarded a substantial risk of serious harm to the plaintiff's health or safety.  *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The analysis is a subjective one.  *Farmer*, 511 U.S. at 842.  If a risk to the plaintiff's health and safety is obvious, it is permissible to infer from the circumstantial evidence that the defendant was aware of the risk.  *Id.*  A medical need is serious if it is so obvious that a lay person would easily recognize the necessity for a doctor's attention.  *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff alleged he suffered a knee abrasion and injured ligaments in his shoulder after being dragged to the police car.  (ECF No. 13-1, ¶20.)  Officer Barker knew Plaintiff was dragged to the police car.  (*Id.*)  Injury to ligaments cannot be seen by the naked eye and a knee abrasion is not the type of injury that obviously requires immediate medical treatment.  Plaintiff's factual allegations are insufficient to establish that Officer Barker was deliberately indifferent to a serious medical need.

Plaintiff's claim that the delay in medical care at the Guttenberg Police Department violated his rights under the Fourteenth Amendment is deficient because Plaintiff did not allege any individual who was personally involved in the delay or denial of his requests for treatment.  *See Iqbal*, 556 U.S. at 676 ("… a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")  Further, Plaintiff did not allege how this delay posed a serious risk to his health.  This claim will be dismissed without prejudice.

    2.    <u>Defendant Frank Schillari</u>

Plaintiff's only allegation against Defendant Frank Schillari is that he hindered Plaintiff in discovering the identity of the SWAT Team members involved in his arrest by refusing to provide Plaintiff with the investigation reports. This allegation does not state a claim of violation of federal law or a constitutional right. The claim will be dismissed without prejudice.

II. CONCLUSION

For the reasons discussed above, the Court will dismiss without prejudice: (1) Plaintiff's Fourth Amendment excessive force and Fourth Amendment unreasonable search claims against the unidentified "John Doe" Hudson County Sheriff's Department SWAT Team members; (2) the Fourth Amendment unreasonable search claim against Defendants Barker and Barrera; (3) Plaintiff's Fourteenth Amendment medical care claims, and (4) Plaintiff's claim against Detective Schillari for hindering discovery of the names of the SWAT team members. Plaintiff's excessive force claim against the unidentified "John Doe" Captain of Detectives of the Guttenberg Police Department may proceed.

An appropriate order follows.

s/ John Michael Vazquez<br>
JOHN MICHAEL VAZQUEZ<br>
United States District Judge

Date: July 5, 2017