NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID VALDEZ, | : | |
| | : | Civil Action No. 16-2943 (JMV) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FRANK X. SCHILLARI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**VAZQUEZ, District Judge**

Plaintiff David Valdez, an inmate confined in Northern State Prison, filed this civil rights action on May 23, 2016. (ECF No. 1.) On July 21, 2016, Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (ECF No. 6.) This Court dismissed the complaint upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (ECF Nos. 8, 9.) On March 27, 2017, Plaintiff filed a motion for leave to file an amended complaint. (ECF Nos. 13, 13-1.) The Court granted the motion for leave to file an amended complaint, and screened the first amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court permitted Plaintiff's excessive force claim against the unidentified "John Doe" Captain of Detectives of the Guttenberg Police Department to proceed and dismissed the remaining claims as barred by the statute of limitations. The Court also dismissed the Fourteenth Amendment inadequate medical care claims for failure to state a claim.

This matter comes before the Court upon Plaintiff's motion for leave to file a second amended complaint ("second amended complaint"). (ECF No. 18.) The Court grants the motion

to amend (ECF No. 18), and screens the second amended complaint (ECF No. 18-1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

I.   DISCUSSION

A.   *Sua Sponte* Screedning

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). A district court screening a complaint pursuant to the PLRA, may *sua sponte* dismiss the suit for failure to

state a claim, if the allegations make clear that the action is time-barred. *McPherson v. U.S.*, 392 F. App'x 938, 943 (3d Cir. 2010).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

B. <u>The Second Amended Complaint</u>

Plaintiff alleges the following facts, which are accepted as true for purposes of screening the second amended complaint. The defendants to this action are Frank Schillari of the Hudson County Sheriff's Department; Investigator Shaundell Barker of the Guttenberg Police Department; Sergeant Juan Barrera of the Guttenberg Police Department; unidentified ("John Doe") member(s) of the Hudson County Sheriff Department's SWAT team; John Doe of the Guttenberg Police Department; and Michele A. Adubato, Plaintiff's criminal defense attorney in his criminal action arising from his October 7, 2013 arrest. (ECF No. 18-1, ¶¶3-8.)

On September 28, 2013, Defendants Barker and Barrera were assigned to investigate a robbery that took place the previous day. (*Id.* at ¶9.) They identified Plaintiff as one of the perpetrators and applied for a search warrant for Plaintiff's alleged residence at 1523 38th Street, Apt. 1, North Bergen, New Jersey. (*Id.*) The residence was that of Plaintiff's mother, and the search warrant was granted with a "knock and announce" requirement. (*Id.*, ¶12.) Plaintiff actually resided at 506 Patterson Plank Road, Union City, New Jersey, but he frequently visited

3

his mother at her home. (*Id.*) The information supporting the search warrant application, supplied by a confidential informant, was false and misleading. (*Id.*)

As Plaintiff was exiting his mother's home on October 7, 2013, Defendants Barker and Barrera and unidentified members of the Guttenberg Police Department and Hudson County Sheriff's Department SWAT team executed the search warrant. (*Id.*, ¶13.) The armed SWAT team rushed Plaintiff, forced him to the ground, and dragged him down three flights of stairs before placing him in a police car. (*Id.*, ¶14.) Defendant John Doe, a member of the SWAT team, threatened Plaintiff with physical harm while dragging him into the street. (*Id.*, ¶15.) Simultaneously, Defendants Barker and Barrera along with members of the SWAT team used a battering ram to enter Plaintiff's mother's home unannounced. (*Id.*, ¶16.) Neither the gun used during the commission of the robbery nor any proceeds from the robbery were found in the search of the residence. (*Id.*, ¶17.) Defendants Barker and Barrera fabricated their arrest reports to cover-up the unlawful search and use of excessive force, stating they executed a knock and announce before entering Plaintiff's mother's house. (*Id.*, ¶22.)

Before transporting Plaintiff to the police station, Defendant Barker determined that Plaintiff's physical condition was good, despite Plaintiff's repeated requests for emergency medical treatment. (*Id.*, ¶18.) Plaintiff told Barker he felt a tear in his shoulder while being dragged down the stairs, and he was in severe pain. (*Id.*) Plaintiff was transported to Guttenberg Police Department, where he repeatedly requested medical care for his injuries. (*Id.*, ¶20.)

Defendant John Doe, whom Plaintiff believes to be the Captain of Detectives at the Guttenberg Police Department, put a gun in Plaintiff's face and said "how does it feel when somebody places a gun in your face;" and "when you get out, if I catch you in my town, I'll shoot

your black ass." (*Id.*, ¶¶21, 42.) Plaintiff was not taken to the hospital for his injuries until November 8, 2016, and it was determined that he had a torn ligament in his shoulder. (*Id.*, ¶23.)

In 2013, Plaintiff met with Michele A. Adubuto, who was assigned to represent him in the criminal matter arising from his arrest, *State of New Jersey. v. David Valdez-Martinez*, Indictment No. 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. (*Id.*, ¶24.) In numerous meetings with Adubato, Plaintiff explained the factual issues surrounding the unlawful search and arrest, the use of excessive force, and his medical treatment. (*Id.*, ¶¶24-25.) Plaintiff expressed his desire to bring civil and criminal actions against members of the SWAT Team and police department. (*Id.*, ¶25.) Adubato misled Plaintiff into believing she would file civil and criminal actions on his behalf after Plaintiff filed a complaint with Internal Affairs. (*Id.*)[1] She also tricked him into believing that she could not file a civil action on his behalf until the criminal action was resolved. (*Id.*, ¶26.) She further led Plaintiff to believe that he needed to exhaust his administrative remedies before bringing his excessive force, search and seizure, and medical care claims. (*Id.*, ¶28.) Finally, Plaintiff alleges that Adubato misled him by concealing a conflict of interest that led to her removal as trial counsel in his criminal action. (*Id.*, ¶27.)

Plaintiff wrote numerous letters to Frank X. Schillari seeking to learn the names of the SWAT Team members involved in the unlawful search and seizure, excessive force, and denial of medical care. (*Id.*, ¶¶29-30.) Schillari was in charge of Internal Affairs. (*Id.*) Schillari refused to

---

[1] A private attorney cannot institute a criminal action in federal court. In New Jersey, however, a private citizen may file a citizen complaint in municipal court and a municipal prosecutor, with approval of the court, may authorize a private attorney to prosecute the action. N.J.S.A. 2B:25.5(b). Adubato's failure to bring a criminal action on Plaintiff's behalf in New Jersey does not state a federal statutory or constitutional violation nor does it provide a basis for equitable tolling of the § 1983 action.

5

provide the investigative reports in connection with the unlawful search and arrest, putting Plaintiff at a disadvantage in filing a timely claim until after the criminal matter was resolved. (*Id.*, ¶31.)

Plaintiff seeks to hold each defendant liable for violating his rights under the Eighth,[2] Fourth, and Fourteenth Amendments to the United States Constitution. (*Id.*, ¶¶32-45.) For relief, Plaintiff seeks money damages and costs. (ECF No. 13-1 at 13.)

In screening the first amended complaint, this Court found that the alleged misconduct occurred in New Jersey, which has a two-year statute of limitations for personal injuries, applicable to § 1983 claims. (Opinion, ECF No. 16 at 5.) The Court permitted Plaintiff's excessive force claim against John Doe, which allegedly occurred at the Guttenberg Police Department, to proceed based on Plaintiff's allegation that the statute of limitations was tolled while he exhausted his administrative remedies. (*Id.* at 6-7.)

The Court dismissed without prejudice Plaintiff's unlawful search and seizure claims and medical care claims as barred by the statute of limitations. (*Id.*, at 8-9.) Additionally, the Court dismissed the Fourteenth Amendment inadequate medical care claim against Officer Barker based on failure to allege facts that Barker was deliberately indifferent to a serious medical need. (*Id.* at 9.) The Court also dismissed the Fourteenth Amendment[3] delay in medical care claims that arose while Plaintiff was confined in the Guttenberg Police Department because Plaintiff did not allege any individual who was personally involved in the delay of provision of medical care. (*Id.*)[4]

---

[2] Eighth Amendment protections do not attach until after conviction and sentence. *Hubbard v. Taylor*, 399 F.3d 150, 165 (citing *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)).

[3] "The Fourteenth Amendment's due process clause requires a police department to provide medical care to pretrial detainees. . . " *Reynolds v. Municipality of Norristown*, Civ. Action No. 15-0016, 2015 WL 4450979 at *5 (E.D. Pa. July 17, 2015) (citing *King v. Cnty of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008)).

[4] Plaintiff did not cure this deficiency in his second amended complaint.

Finally, the Court dismissed the claim against Frank Schillari because hindering Plaintiff's discovery of the identity of SWAT Team members involved in his arrest fails to state a claim of violation of federal law or a constitutional right. (*Id.* at 10.)

C. Analysis

   1. State Actor Requirement

Plaintiff seeks to hold his criminal defense attorney, Michele A. Adubato, liable under § 1983 for causing him to miss the filing deadline for his § 1983 claims. Plaintiff alleges Adubato led him to believe that she would file his civil and criminal actions after his criminal proceeding had ended and that he could not file his civil claims without completing his criminal trial and without exhausting his administrative remedies.

Under § 1983, a plaintiff must show that "attorney defendants acted under the color of state law and denied [the plaintiff] a federally protected constitutional or statutory right." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983) ("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983")). Similarly, public defenders are not state actors for purposes of § 1983. *Beaver v. Union County Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015) (citing *Polk Cnty.*, 454 U.S. at 325)). Adubato was acting in her traditional function as a lawyer in advising Plaintiff about his related § 1983 claims while she represented him in a criminal action. Thus, she was not a state actor subjecting her to liability under § 1983 for the advice she gave Plaintiff.

7

The Court, therefore, dismisses with prejudice Plaintiff's § 1983 claim against Michele A. Adubato.  Nevertheless,, the fact that Adubato is not a state actor does not preclude Plaintiff from asserting that Adubato's alleged negligence in her advice provides a basis for equitable tolling of the statute of limitations of his § 1983 claims against the other defendants to this action.

2. Equitable Tolling of the Statute of Limitations

A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)).  The claim accrues when the wrongful act or omission results in damages. *Id.*  The misconduct alleged in the second amended complaint occurred in New Jersey, which has a two-year statute of limitations for personal injury torts.  *Id.* (citing N.J. Stat. Ann. § 2A:14–2 (West 2004)).

As this Court noted in screening Plaintiff's first amended complaint, the excessive force claim, based on the circumstances surrounding Plaintiff's arrest, accrued on October 7, 2013.  *See Hickox v. County of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (pretrial detainee's excessive force claim accrued on the date he alleged he was injured by the defendant's actions).  The unlawful search and seizure claim and the denial of emergency medical care claim against Officer Barker also accrued on October, 7, 2013.  *See MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003) ("any Fourth-Amendment-based claim accrue[s] on the same day as the allegedly unreasonable search and seizure"); *see Dique*, 603 F.3d at 185 (under federal law § 1983 claim accrues when the "injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim" (quoting *Lopez v.*

8

*Swyer*, 62 N.J. 267, 300 A.2d 563, 565 (1973)). Plaintiff did not file this action until May 2016. These claims are time-barred, absent sufficient allegations justifying equitable tolling.

      a.    <u>Hindering by Internal Affairs does not equitably toll the statute of limitations</u>

In screening Plaintiff's first amended complaint, this Court rejected Plaintiff's claim that he was entitled to equitable tolling of his excessive force claims against the unidentified SWAT team members because he was repeatedly hindered by Defendant Schillari from obtaining the names of the officers involved. (ECF No. 13-1 at 6-7.) Equitable tolling may be available "when a plaintiff is misled ... and as a result fails to act within the prescribed time limit.' *Villalobos v. Fava*, 342 N.J.Super. 38, 775 A.2d 700, 707 (N.J. Super. Ct. App. Div. 2001) (citations omitted). Plaintiff could have filed a timely claim against unidentified "John Doe" defendants despite Schillari's failure to provide Plaintiff with the investigative reports or names of the officers involved. Schillari's alleged actions do not justify equitable tolling nor do they violate a federal statutory or constitutional right.

Plaintiff further alleges his criminal defense attorney, Michele A. Adubato, misled him into believing she would file civil and criminal actions on his behalf after Plaintiff filed a complaint with Internal Affairs; she tricked him into believing he could not file a civil action until the criminal action was resolved; and she led him to believe he had to exhaust his administrative remedies before bringing his excessive force, search and seizure and medical care claims. He further alleges that Adubato concealed a conflict of interest that resulted in her being dismissed as his trial counsel.

State law, unless inconsistent with federal law . . . governs . . . whether a limitations period should be tolled. *Dique*, 603 F.3d at 185 (citations omitted). In New Jersey, equitable tolling may apply:

> (1) [where] 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass ...
>
> (2) where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights [and] ...
>
> (3) where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Binder v. Price Waterhouse & Co., L.L.P.*, 393 N.J. Super. 304, 312, 923 A.2d 293, 298 (App. Div. 2007) (citations omitted). "[A]ttorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d. Cir.), *cert. denied*, 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001)). Even if egregious attorney misconduct justifies equitable tolling, "a petitioner 'must also show that he acted with reasonable diligence and that the extraordinary circumstances caused his petition to be untimely.'" *Id.* (quoting *Schlueter v. Varner*, 384 F.3d 69, 77 (3d. Cir.2004), *cert. denied*, 544 U.S. 1037, 125 S.Ct. 2261, 161 L.Ed.2d 1067 (2005) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d. Cir. 2003)).

  b. <u>Advice to complete criminal action and Internal Affairs investigation before civil action does not equitably toll the statute of limitations</u>

There may have been valid strategic reasons for Plaintiff's criminal defense that caused Adubato to advise Plaintiff not to bring a civil action until his criminal trial ended, and to initiate an Internal Affairs investigation regarding the arresting officers. Nonetheless, neither the criminal trial nor the Internal Affairs investigation tolled the § 1983 statute of limitations. Assuming Adubato told Plaintiff otherwise, the advice was garden-variety attorney error that does not rise to extraordinary circumstances.

Moreover, Plaintiff has not alleged when his criminal trial or the Internal Affairs investigation ended. If the trial and/or Internal Affairs investigation ended before the statute of

limitations expired on Plaintiff's § 1983 claims, he should have brought his claims when he learned Adubato was not going to do so. Plaintiff has not demonstrated the necessary diligence for equitable tolling nor alleged sufficient facts to support the tolling.

   c. <u>Advice to exhaust administrative remedies before filing a civil action does not equitably toll the statute of limitations.</u>

Plaintiff also alleges Adubato told him he had to exhaust his administrative remedies before he could file his § 1983 claims. Although Plaintiff uses words like "misled" and "tricked," he has not alleged sufficient facts to support his claim that Adubato knew what she told him about exhausting administrative remedies was wrong. Plaintiff alleges that Adubato was incorrect in her advice, but that her error was intentional.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, addresses when administrative remedies must be exhausted.. 42 U.S.C. § 1997e(a), applicable to suits by prisoners, provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "The PLRA's exhaustion requirement applies to all inmate suits about prison life. . ." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). An alleged constitutional violation that occurred outside the prison gates is not subject to the PLRA exhaustion requirement. *See Almahdi v. Ridge*, 201 F. App'x 865, 868 (3d Cir. 2006) (holding prisoner's claim that Department of Homeland Security improperly placed his name on a national watch list is not a claim about his condition of confinement); *Witzke v. Femal*, 376 F.3d 744, 752 (7th Cir. 2004) ("only complaints relating to conditions within a prison or correctional facility are subject to the exhaustion requirements [of the PLRA.]")

The PLRA did not require Plaintiff to exhaust his administrative remedies before bringing his § 1983 claims where the alleged misconduct occurred outside the jail, including his excessive

force claims against the arresting officers; his unlawful search and seizure claims; or his claim against Officer Barker for not providing emergency medical care before taking him to jail. Assuming Adubato advised him otherwise, she was incorrect.

Attorney negligence, however, is not an extraordinary circumstance that justifies tolling the statute of limitations for § 1983 actions. *See Wimbush v. Jenkins*, Civ. Action No. 13-4654(FLW), 2014 WL 1607354 (D.N.J. April 22, 2014) (attorney mistakes, including miscalculation and inadequate research, have been characterized as garden variety negligence that do not rise to the extraordinary circumstances required for equitable tolling) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). Additionally, pursuit of alternative remedies, where not required by law, does not justify extending the statute of limitations for his § 1983 claims. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) ("tolling the statute of limitations to save parallel claims that do not require exhaustion of administrative remedies would unjustifiably extend the statute of limitations for those claims") (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466 (1975)).

In contrast, the PLRA required Plaintiff to exhaust his administrative remedies before bringing his § 1983 claims for the alleged misconduct that occurred while he was held in the Guttenberg Police Department after his arrest.[5] *See* 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies for any prison conditions claim brought by "a prisoner confined in any jail, prison, or other correctional facility.") In his second amended complaint, Plaintiff has not alleged when he initiated his administrative remedies under the PLRA or when his administrative

---

[5] The Court could not locate a Third Circuit decision on point, but other District Courts have found that detention in a police station to meet the pretrial detention requirement. *See Brewer v. Philson*, 2007 WL 876 25 (W.D.Ark. Jan. 10, 2007); *Bowers v. City of Philadelphia*, 2007 WL 219651 (E.D.Pa. Jan. 25, 2007).

remedies were exhausted.[6] Plaintiff may be able to show that he diligently pursued his administrative remedies under the PLRA, and this prevented him from timely filing his § 1983 claims. *See Binder*, 923 A.2d at 298 ("[i]n New Jersey, equitable tolling may apply [where] . . . a plaintiff has 'in some extraordinary way' been prevented from asserting his rights . . ."); *see Pearson v. Sec. Dept. of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) ("[t]here is no ambiguity in the PLRA: it is clearly a statutory prohibition that prevents a prisoner from filing § 1983 actions until the prisoner exhausts all administrative remedies.") These claims are dismissed without prejudice.

        d.    Lawyer's conflict of interest during Plaintiff's criminal trial does not equitably toll the statute of limitations

Finally, Plaintiff alleged that Adubato misled him by concealing a conflict of interest that caused her removal as trial counsel in his criminal action. (*Id.*, ¶27.) Plaintiff's conclusory allegations of conflict of interest are insufficient because he has not described the conflict, nor has he described how Adubato concealed the conflict, or how the conflict affected his ability to timely file his § 1983 claims. *See Byers v. Follmer Trucking Co.*, 763 F.2d 599, 600-01 (3d Cir. 1985) ("[p]laintiffs have the burden of establishing the facts necessary to justify equitable tolling.))

## II.    CONCLUSION

For the reasons discussed above, the second amended complaint is dismissed. Plaintiff's § 1983 claims against Frank X. Schillari and Michele A. Adubato are dismissed with prejudice for

---

[6] In Plaintiff's first amended complaint, he alleged that he exhausted his administrative remedies for his excessive force claims on May 26, 2015. (ECF No. 13-1, ¶28.) Therefore, the Court permitted the otherwise time-barred claim against John Doe, Captain of Detectives, to proceed based on equitable tolling. Plaintiff, however, has not yet identified John Doe, Captain of Detectives and has not served the first amended complaint. Instead, he filed the second amended complaint, which supersedes the first amended complaint. *See West Run Student Housing Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 173 (3d Cir. 2013) ("at the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint.")

failure to state a claim. Plaintiff's Fourth Amendment unlawful search and seizure claims, his Fourth Amendment excessive force claims arising from his arrest, and his Fourteenth Amendment inadequate medical care claim against Officer Barker are dismissed with prejudice as barred by the statute of limitations because further attempts to amend the complaint to allege equitable tolling are futile. Plaintiff's Fourth Amendment excessive force claim against John Doe, Captain of Detectives, and his Fourteenth Amendment inadequate medical care claim arising out of conduct at Guttenberg Police Department are dismissed without prejudice because Plaintiff failed to allege facts supporting equitable tolling of the statute of limitations based on PLRA exhaustion. Additionally, Plaintiff's Fourteenth Amendment delay in medical care claim at Guttenberg Police Department is dismissed without prejudice for failure to allege the personal involvement of any defendant in causing the delay in medical care.

An appropriate order follows.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Date: December 27, 2017